# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| TEMPUS AIRCRAFT SALES AND | ) | Case No. 18-13507 MER |
| SERVICE, LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| TOM H. CONNOLLY as chapter 11 | ) | |
| trustee for Tempus Aircraft | ) | |
| Sales and Service, LLC, | ) | Adv. Proc. No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE TRAVELERS INDEMNITY | ) | |
| COMPANY; ORION AIRGROUP | ) | |
| HOLDINGS, LLC; LOW COUNTRY | ) | |
| TRADING IV, LLC; LOW COUNTRY | ) | |
| TRADING VI, LLC; TEMPUS JET | ) | |
| CENTERS III, LLC; FIREFLY | ) | |
| FINANCIAL LTD.; and | ) | |
| STONEBRIAR COMMERCIAL | ) | |
| FINANCE, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Tom H. Connolly, chapter 11 trustee for the bankruptcy estate of Tempus Aircraft Sales and Service, LLC, by and through his counsel, Wadsworth Warner Conrardy, P.C., for his Complaint states and alleges as follows:

## JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and (e).

1

2. This proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (K) and (O).

3. Venue in this district is proper under 28 U.S.C. § 1409(a).

4. This adversary proceeding is commenced pursuant to Rule 7001(1), (2), and (9) of the Federal Rules of Bankruptcy Procedure.

## STATEMENT PURSUANT TO RULE 7008

5. Plaintiff consents to entry of final orders or judgment by the Bankruptcy Court.

## GENERAL ALLEGATIONS

### Parties

6. Plaintiff Tom H. Connolly is the duly appointed chapter 11 trustee ("Trustee") for the bankruptcy estate of Tempus Aircraft Sales and Service, LLC ("TASS" and the "Estate," respectively). TASS is the debtor in the related administrative case.

7. Defendant The Travelers Indemnity Company ("Travelers") is a Connecticut corporation with its principal place of business in Hartford, Connecticut.

8. Defendant Orion Airgroup Holdings, LLC ("Orion") is a Nevada limited liability company with its principal place of business in Englewood, Colorado.

9. Defendant Lowcountry Trading IV, LLC ("Lowcountry IV") is a Delaware limited liability company with its principal place of business in Englewood, Colorado.

10. Defendant Lowcountry Trading VI, LLC ("Lowcountry VI") is a Delaware limited liability company with its principal place of business in Englewood, Colorado.

11. Defendant Tempus Jet Centers III, LLC ("Tempus III") is a Delaware limited liability company with its principal place of business in Englewood, Colorado.

12. Defendant Firefly Financial, Ltd. ("Firefly") is a British Virgin Islands company.

13. Defendant Stonebriar Commercial Finance ("Stonebriar") is a Texas limited liability company with its principal place of business in Plano, Texas.

Background

14. Orion, Lowcountry IV, and Lowcountry VI filed a lawsuit against Travelers, Arapahoe Airport Joint Venture #1 and Arapahoe Airplaza JV #1 (the "Arapahoe Entities") on August 25, 2016, Case Number 2016CV33113, in the District Court for the City and County of Denver, Colorado (the "Hangar Lawsuit").

15. As to Travelers, the plaintiffs in the Hangar Lawsuit alleged breach of contract and bad faith breach of contract with respect to damage sustained during a hangar collapse on August 10, 2015. As to the Arapahoe Entities, the plaintiffs alleged premises liability with respect to the same hangar collapse.

16. On March 1, 2017, Orion, Lowcountry IV, and Lowcountry VI filed an Amended Complaint adding Tempus III as a plaintiff (together, the "Hangar Lawsuit Plaintiffs").

17. Although not named as a plaintiff, the Hangar Lawsuit was brought for the benefit of TASS, as the damage sustained as a result of the hangar collapse was damage to parts and inventory belonging to TASS.

18. Other evidence that the Hangar Lawsuit was brought for TASS' benefit includes, without limitation, the following: (a) the hangar at issue in the Hangar Lawsuit was primarily occupied by TASS; (b) TASS paid the rent and insurance premiums relating to the hangar and property located therein; (c) TASS paid for the attorneys fees and costs relating to the hangar litigation; and (d) no property owned by the Hangar Lawsuit Plaintiffs was damaged as a result of the hangar collapse.

19. Prior to trial, Travelers reached an agreement to settle the claims against it asserted by the Hangar Lawsuit Plaintiffs.

20. The settling parties cooperated in the drafting of a Confidential Release of All Claims. The release was signed by Travelers, the Hangar Lawsuit Plaintiffs and TASS. The release was signed by TASS due to its interest in the litigation.

21. The Confidential Release of All Claims was executed on October 25, 2017 and provided for the transfer of $1,150,000 (the "Settlement Funds") to Godfrey | Johnson, P.C. to hold in its trust account.

22. The claims against the Arapahoe Entities were tried and the jury returned a verdict against the Arapahoe Entities. Judgment was entered against the Arapahoe Entities in the amount of $2,929,025.37 on October 13, 2017, *nunc pro tunc* to September 29, 2017, which continues to accrue interest at the statutory rate (the "Arapahoe Judgment"). The Arapahoe Judgment is pending appeal before the Colorado Court of Appeals, Case Number 2018CA94.

23. The Arapahoe Judgment was nominally entered in favor of Orion only but was for

the use and benefit of TASS.

24. Prior to the delivery of the Settlement Funds, a number of parties asserted claims against the Hangar Lawsuit Plaintiffs and TASS.

25. On October 30, 2017, Firefly filed suit against Orion in the District Court for Arapahoe County, Colorado, Case Number 2017CV32479.

26. On November 1, 2017, Firefly obtained an *Ex Parte* Writ of Attachment pursuant to C.R.C.P. 102 in its favor and against the assets and property of Orion.

27. On December 11, 2017, Travelers filed in the Hangar Lawsuit a motion to deposit the Settlement Funds into the Denver District Court's registry (the "Motion to Deposit").

28. The Denver District Court granted Travelers' Motion to Deposit on December 14, 2017. Travelers deposited the Settlement Funds on December 19, 2017.

29. On February 12, 2018, Stonebriar received charging orders against TASS based upon a May 12, 2017 foreign judgment in Collin County, Texas, in the amount of $12,318,014.45.

30. On March 14, 2018, Firefly moved to intervene in the Hangar Lawsuit.

31. On March 29, 2018, Stonebriar moved to intervene in the Hangar Lawsuit.

32. On April 10, 2018, the Denver District Court entered an Order returning the Settlement Funds to Travelers, denying the intervention motions and stating, in part:

> Since the Court granted Travelers leave to deposit the settlement funds in the Court Registry, the case has morphed into a battle among Orion's and TASS's myriad of judgment creditors regarding their rights to a portion of the settlement funds. This case, however, is not properly procedurally postured in this Court for such a battle, nor is this Court the appropriate forum to address the competing claims. Upon further consideration, the Court concludes that it improvidently granted Travelers' Rule 67 motion. Further, with the exception of the Attorneys' motion, the Court also concludes it improvidently granted the motions to intervene.

33. At 10:46 a.m. on April 26, 2018, TASS filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

34. At 3:04 p.m. on April 26, 2018, Travelers filed a Complaint in Interpleader, Case No. 2018CV31520 in the District Court for the City and County of Denver, Colorado (the "Interpleader Lawsuit").

35. The Interpleader Lawsuit was filed in violation of 11 U.S.C. § 362 and all actions taken therein are void.

## FIRST CLAIM FOR RELIEF
### (Interpleader Pursuant to Fed. R. Civ. P. 22)

36. Trustee incorporates by this reference the allegations contained in Paragraphs 1 through 35 above as though more fully set forth in this First Claim for Relief.

37. Given the competing claims to the Settlement Funds, Travelers is unable to determine which of the parties is entitled to the Settlement Funds, in what amount and in what priority.

38. Travelers alleged in the Interpleader Lawsuit that such uncertainty may expose Travelers to the threat of multiple lawsuits and multiple liability for the same funds.

39. Travelers claims no beneficial interest in the Settlement Funds and is a mere stakeholder.

40. In the Interpleader Lawsuit, Travelers asserted that it "is now, and has at all pertinent times, been ready, willing, and able to pay the person or persons entitled to the settlement funds and seeks permission to deposit all such payable sums into this Court's registry."

41. To resolve this controversy, Trustee joins Travelers to this adversary proceeding pursuant to Fed. R. Civ. P. 22, made applicable herein by Fed. R. Bankr. P. 7022, and seeks entry of an order requiring Travelers to interplead the Settlement Funds into the Bankruptcy Court's registry.

## SECOND CLAIM FOR RELIEF
### (Declaratory Relief – Settlement Funds and Arapahoe Judgment are Property of the Estate – Against all Defendants)

42. Trustee incorporates by this reference the allegations contained in Paragraphs 1 through 41 above as though more fully set forth in this Second Claim for Relief.

43. Under Rule 7001(2) and (9), a party may commence an adversary proceeding to seek a declaratory judgment determining the validity, priority and extent of interests in property.

44. Trustee seeks a declaration that TASS is the sole and exclusive owner of the Settlement Funds and the Arapahoe Judgment, and as such, both assets are property of the Estate pursuant to 11 U.S.C. § 541(a).

5

## THIRD CLAIM FOR RELIEF
### (Constructive Trust and/or Resulting Trust – Against the Hangar Lawsuit Plaintiffs as to the Settlement Funds)

45. Trustee incorporates by this reference the statements and allegations contained in paragraphs 1 through 44 as though more fully set forth in this Third Claim for Relief.

46. A constructive trust is "an equitable legal remedy devised to prevent unjust enrichment and compel restitution of property that in equity and good conscience does not belong to the Defendant." *U.S. v. Andrews*, 530 F.3d 1232, 1237 (10th Cir. 2008).

47. A resulting trust arises when the debtor intends to retain a beneficial interest in the subject property. *In re McGavin*, 189 F.3d 2326, 1217 (10th Cir. 1999).

48. Despite not being party to the lease of the hangar subject to the Hangar Lawsuit, TASS was the beneficiary of the litigation as demonstrated by the following: (a) TASS was the primary occupant of the hangar; (b) TASS paid the hangar rent; (c) TASS paid the insurance premiums relating to the hangar and personal property located therein; (d) TASS paid the attorneys fees and costs in connection with the hangar litigation; and (e) only TASS' property was damaged in the hangar collapse.

49. TASS' actions evidence a clear intent to retain a beneficial interest in the Settlement Funds.

50. It would be inequitable to allow the Hangar Lawsuit Plaintiffs to retain any interests in the Settlement Funds.

51. TASS has a beneficial interest in the Settlement Funds and to prevent unjust enrichment, Trustee seeks entry of an order imposing a constructive and/or resulting trust over the Settlement Funds for the benefit of the Estate.

## FOURTH CLAIM FOR RELIEF
### (Constructive Trust and/or Resulting Trust – Against Orion as to the Arapahoe Judgment)

52. Trustee incorporates by this reference the statements and allegations contained in paragraphs 1 through 51 as though more fully set forth in this Fourth Claim for Relief.

53. A constructive trust is "an equitable legal remedy devised to prevent unjust enrichment and compel restitution of property that in equity and good conscience does not belong to the Defendant." *U.S. v. Andrews*, 530 F.3d 1232, 1237 (10th Cir. 2008).

54. A resulting trust arises when the debtor intends to retain a beneficial interest in the

subject property. *In re McGavin*, 189 F.3d 2326, 1217 (10th Cir. 1999).

55. Despite not being party to the lease of the hangar subject to the Hangar Lawsuit, TASS was the beneficiary of the litigation as demonstrated by the following: (a) TASS was the primary occupant of the hangar; (b) TASS paid the hangar rent; (c) TASS paid the insurance premiums relating to the hangar and personal property located therein; (d) TASS paid the attorneys fees and costs in connection with the hangar litigation; and (e) only TASS' property was damaged in the hangar collapse.

56. TASS' actions evidence a clear intent to retain a beneficial interest in the Arapahoe Judgment.

57. Despite being nominally entered in favor of Orion, it would be inequitable to allow Orion to retain any interest in the Arapahoe Judgment.

58. TASS has a beneficial interest in the Arapahoe Judgment and to prevent unjust enrichment, Trustee seeks entry of an order imposing a constructive and/or resulting trust over the Arapahoe Judgment for the benefit of the Estate.

## FIFTH CLAIM FOR RELIEF
### (Declaratory Relief – Determination of Interests in Settlement Funds – Against all Defendants)

59. Trustee incorporates by this reference the allegations contained in Paragraphs 1 through 58 above as though more fully set forth in this Fifth Claim for Relief.

60. Under Rule 7001(2) and (9), a party may commence an adversary proceeding to seek a declaratory judgment determining the validity, priority and extent of interests in property.

61. Trustee seeks the following with respect to the interests of each of the Defendants in the Settlement Funds:

   a. A declaration that upon interpleading the Settlement Funds, Travelers has no interest in the Settlement Funds and may be dismissed as a party to the proceeding with prejudice;

   b. A declaration that the following entities have no interests in the Settlement Funds or, in the alternative, that any such interests are junior to the Estate's interests: (i) Stonebriar; (ii) Firefly; (iii) Orion; (iv) Lowcountry IV; (v) Lowcountry VI; and (vi) Tempus III.

## SIXTH CLAIM FOR RELIEF
### (Declaratory Relief – Determination of Interests in the Arapahoe Judgment – Against the Hangar Lawsuit Plaintiffs, Stonebriar and Firefly)

7

62. Trustee incorporates by this reference the allegations contained in Paragraphs 1 through 61 above as though more fully set forth in this Sixth Claim for Relief.

63. Under Rule 7001(2) and (9), a party may commence an adversary proceeding to seek a declaratory judgment determining the validity, priority and extent of interests in property.

64. Trustee seeks a declaration that the following entities have no interests in the Arapahoe Judgment, in the alternative, that any such interests are junior to the Estate's interests: (i) Stonebriar; (ii) Firefly; (iii) Orion; (iv) Lowcountry IV; (v) Lowcountry VI; and (vi) Tempus III.

## **PRAYER FOR RELIEF**

WHEREFORE, Trustee respectfully requests entry of the following relief:

1. Entry of an order directing Travelers to interplead the Settlement Funds into the Bankruptcy Court's registry;

2. Entry of an order discharging Travelers from all further liability and dismissing Travelers from this proceeding with prejudice following the deposit of the Settlement Funds into the Bankruptcy Court's registry and a declaration that upon interpleading the Settlement Funds, Travelers has no interest in the Settlement Funds;

3. A declaration that TASS is the sole and exclusive owner of the Settlement Funds and the Arapahoe Judgment, and as such, both assets are property of the Estate pursuant to 11 U.S.C. § 541(a).

4. Entry of an order imposing a constructive and/or resulting trust for the benefit of TASS over the Settlement Funds and Arapahoe Judgment;

5. A declaration that the following entities have no interests in the Settlement Funds or, in the alternative, that any such interests are junior to the Estate's interests: (i) Stonebriar; (ii) Firefly; (iii) Orion; (iv) Lowcountry IV; (v) Lowcountry VI; and (vi) Tempus III.

6. A declaration that the following entities have no interests in the Arapahoe Judgment or, in the alternative, that any such interests are junior to the Estate's interests: (i) Stonebriar; (ii) Firefly; (iii) Orion; (iv) Lowcountry IV; (v) Lowcountry VI; and (vi) Tempus III.

7. Entry of such other and further relief as deemed appropriate.

Dated this 27th day of July, 2018.

        Respectfully submitted,

        WADSWORTH WARNER CONRARDY, P.C.

        */s/ Aaron J. Conrardy*
        David V. Wadsworth, #32066
        Aaron J. Conrardy, #40030
        Lacey S. Bryan, #51908
        2580 W. Main Street, Suite 200
        Littleton, Colorado 80120
        Phone: (303) 296-1999 / Fax: (303) 296-7600
        dwadsworth@wwc-legal.com
        aconrardy@wwc-legal.com
        lbryan@wwc-legal.com
        Attorneys for the Trustee