UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| TEMPUS AIRCRAFT SALES AND | ) | Case No. 18-13507-MER |
| SERVICE, LLC, | ) | Chapter 11 |
| Debtor, | ) | |
| _____ | ) | |
| | ) | |
| TOM H, CONNOLLY as Chapter 11 | ) | |
| Trustee for Tempus Aircraft Sales | ) | |
| And Service, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Adversary Proceeding No. 18-01243-MER |
| | ) | |
| v. | ) | |
| | ) | |
| THE TRAVELERS INDEMNITY | ) | |
| COMPANY; ORION AIRGROUP | ) | |
| HOLDINGS, LLC; LOW COUNTRY | ) | |
| TRADING VI, LLC; LOW COUNTRY | ) | |
| VI, LLC; TEMPUS JET CENTERS III, | ) | |
| LLC;  FIREFLY FINANCIAL LTD. and | ) | |
| STONEBRAIR COMMERCIAL | ) | |
| FINANCE, N.A., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| THE TRAVELERS INDEMNITY | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant/Counterclaimant | ) | |
| Cross-Claimant and Third Party | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TOM H. CONNOLLY as Chapter 11 | ) | |
| Trustee for Tempus Aircraft Sales | ) | |
| And Service, LLC, | ) | |
| | ) | |
| Counterclaim Defendant, | ) | |
| | ) | |

|  |  |
|---|---|
| And | ) |
|  | ) |
| v. | ) |
|  | ) |
| ORION AIRGROUP HOLDINGS, LLC; | ) |
| LOW COUNTRY | ) |
| TRADING VI, LLC; LOW COUNTRY | ) |
| VI, LLC; TEMPUS JET CENTERS III, | ) |
| LLC; FIREFLY FINANCIAL LTD. and | ) |
| STONEBRAIR COMMERCIAL | ) |
| FINANCE, N.A., | ) |
|  | ) |
|     Crossclaim Defendants | ) |
|  | ) |
| And | ) |
|  | ) |
| v. | ) |
|  | ) |
| GODREY \| JOHNSON, P.C., | ) |
| BRETT GODFREY, AARON | ) |
| BAKKEN, THE LAW OFFICES OF | ) |
| FRED C. BEGY, III, P.C., FRED C. | ) |
| BEGY III, THE STANG LAW FIRM, | ) |
| MARK A. STANG, | ) |
|  | ) |
|     Third Party Defendants | ) |
|  | ) |

**ANSWER, COUNTERCLAIM, CROSS-CLAIM, AND THIRD-PARTY COMPLAINT IN INTERPLEADER**

Defendant and Counterclaim/Third-Party Plaintiff The Travelers Indemnity Company ("Travelers") by and through its attorneys, Gordon & Rees LLP hereby submits this Answer, Counterclaim, Cross-Claim, and Third-Party Complaint in Interpleader to Plaintiff's Complaint (ECF 1) pursuant to Fed. R. Bank. P. 7012, 7013, 7014, and 7022.

## JURISDICTION AND VENUE

1. The allegations set forth in Paragraph 1 set forth a legal conclusion to which no response is required. To the extent a response is deemed required, Travelers states that 28 U.S.C. § 1334(b) and (e) speak for themselves.

2. The allegations set forth in Paragraph 2 set forth a legal conclusion to which no response is required. To the extent a response is deemed required, Travelers denies the allegations.

3. Travelers admits that venue is proper in this District.

4. The allegations set forth in Paragraph 3 set forth a legal conclusion to which no response is required. To the extent a response is deemed required, Travelers states that Rules 7001(1), (2), and (9) speak for themselves.

## STATEMENT PURSUANT TO RULE 7008

5. The allegation set forth in Paragraph 5 relates to Plaintiff's obligations under Rule 7008 and no response is required.

## GENERAL ALLEGATIONS

### Parties

6. Travelers admits the allegations set forth in Paragraph 6.

7. Travelers admits the allegations set forth in Paragraph 7.

8. Upon information and belief, Travelers admits the allegations set forth in Paragraph 8.

9. Upon information and belief, Travelers admits the allegations set forth in Paragraph 9.

10. Upon information and belief, Travelers admits the allegations set forth in Paragraph 10.

11. Upon information and belief, Travelers admits the allegations set forth in Paragraph 11.

12. Upon information and belief, Travelers admits the allegations set forth in Paragraph 12.

13. Upon information and belief, Travelers admits the allegations set forth in Paragraph 13.

## Background

14. Travelers admits the allegations set forth in Paragraph 14.

15. Travelers admits the allegations set forth in Paragraph 15 but denies the merits of the claims alleged against it.

16. Travelers admits the allegations set forth in Paragraph 16.

17. Travelers lacks sufficient information to admit or deny the truth of the allegations set forth in Paragraph 17 and therefore denies the same.

18. Travelers lacks sufficient information to admit or deny the truth of the allegations set forth in Paragraph 18 and therefore denies the same.

19. Travelers admits the allegations set forth in Paragraph 19.

20. Travelers admits that the settling parties cooperated in the drafting of a Confidential Release of All Claims. Travelers denies that it was a signatory to the Confidential Release of All Claims. Instead, per the terms of the Confidential Release of All Claims, the release was effective and required the signatures of TASS in addition to the named Plaintiffs in the Hangar Lawsuit. All such parties signed the Confidential Release of All Claims.

21. Travelers admits that a Confidential Release of All Claims was executed on or about October 25, 2017 and states that the settlement amount therein is confidential.

22. Upon information and belief, Travelers admits the allegations set forth in Paragraph 22.

23. Travelers lacks sufficient information to admit or deny the truth of the allegations set forth in Paragraph 23 and therefore denies the same.

24. Travelers admits the allegations set forth in Paragraph 24.

25. Travelers admits the allegations set forth in Paragraph 25.

26. Travelers admits the allegations set forth in Paragraph 26.

27. Travelers admits the allegations set forth in Paragraph 27.

28. Travelers admits the allegations set forth in Paragraph 28.

29. Travelers admits the allegations set forth in Paragraph 29.

30. Travelers admits the allegations set forth in Paragraph 30.

31. Travelers admits the allegations set forth in Paragraph 31.

32. Travelers admits that the Denver District Court entered an Order returning the Settlement Funds to Travelers and further admits that Paragraph 32 contains an excerpt from the Court's Order regarding the same.

33. Travelers admits the allegations set forth in Paragraph 33.

34. Travelers admits the allegations set forth in Paragraph 34.

35. Travelers denies the allegations set forth in Paragraph 35.

## **FIRST CLAIM FOR RELIEF**
**(Interpleader Pursuant to Fed. R. Civ. P. 22)**

36. Travelers incorporates its previous responses as if fully set forth herein.

37. Travelers admits the allegations set forth in Paragraph 37.

38. Travelers states that its allegations in the Interpleader Lawsuit speak for themselves.

39. Travelers admits the allegations set forth in Paragraph 39.

40. Travelers states that its allegations in the Interpleader Lawsuit speak for themselves.

41. Travelers is without sufficient information as to TASS's reasons for joining it in this lawsuit and therefore, denies those allegations. Travelers admits that following the interpleader of the settlement funds, a subsequent determination that Travelers has complied with the terms of the Confidential Release of All Claims, and the dismissal of Travelers are appropriate.

## SECOND CLAIM FOR RELIEF

### (Declaratory Relief – Determination of Interests in Settlement Funds)

42. Travelers incorporates its previous responses as if fully set forth herein.

43. The allegations set forth in Paragraph 43 set forth a legal conclusion to which no response is required. To the extent a response is deemed required, Travelers states that Rule 7001(2) and (9) speak for themselves.

44. Travelers is without sufficient information to admit or deny the allegations set forth in Paragraph 44 and therefore denies the same.

## THIRD CLAIM FOR RELIEF

### (Constructive Trust and/or Resulting Trust Against the Hangar Lawsuit Plaintiffs as to the Settlement Funds)

45. Travelers incorporates its previous responses as if fully set forth herein.

46. This claim is not asserted against Travelers and therefore, no response is required. To the extent a response is deemed required, Travelers denies the allegations set forth therein.

47. This claim is not asserted against Travelers and therefore, no response is required. To the extent a response is deemed required, Travelers denies the allegations set forth therein.

48. This claim is not asserted against Travelers and therefore, no response is required. To the extent a response is deemed required, Travelers denies the allegations set forth therein.

49. This claim is not asserted against Travelers and therefore, no response is required. To the extent a response is deemed required, Travelers denies the allegations set forth therein.

50. This claim is not asserted against Travelers and therefore, no response is required. To the extent a response is deemed required, Travelers denies the allegations set forth therein.

51. This claim is not asserted against Travelers and therefore, no response is required. To the extent a response is deemed required, Travelers denies the allegations set forth therein.

## FOURTH CLAIM FOR RELIEF

### (Constructive Trust and/or Resulting Trust Against Orion as to the Arapahoe Judgment)

52. Travelers incorporates its previous responses as if fully set forth herein.

53. This claim is not asserted against Travelers and therefore, no response is required. To the extent a response is deemed required, Travelers denies the allegations set forth therein.

54. This claim is not asserted against Travelers and therefore, no response is required. To the extent a response is deemed required, Travelers denies the allegations set forth therein.

55. This claim is not asserted against Travelers and therefore, no response is required. To the extent a response is deemed required, Travelers denies the allegations set forth therein.

56. This claim is not asserted against Travelers and therefore, no response is required. To the extent a response is deemed required, Travelers denies the allegations set forth therein.

57. This claim is not asserted against Travelers and therefore, no response is required. To the extent a response is deemed required, Travelers denies the allegations set forth therein.

58. This claim is not asserted against Travelers and therefore, no response is required. To the extent a response is deemed required, Travelers denies the allegations set forth therein.

## FIFTH CLAIM FOR RELIEF

### (Declaratory Relief – Determination of Interest in Settlement Funds – Against All Defendants)

59. Travelers incorporates its previous responses as if fully set forth herein.

60. The allegations set forth in Paragraph 60 contain a legal conclusion to which no response is required. To the extent a response is deemed required, Travelers states that Rule 7001(2) and (9) speak for themselves.

61. Travelers admits that following the interpleader of the settlement funds, a subsequent determination that Travelers has complied with the terms of the Confidential Release of All Claims, and the dismissal of Travelers are appropriate. Travelers lacks sufficient information admit or deny the remaining allegations set forth in Paragraph 61 and therefore denies them.

## GENERAL DENIAL

62. Travelers denies each and every allegations not expressly admitted herein.

## COUNTERCLAIM, CROSS-CLAIM AND THIRD-PARTY COMPLAINT IN INTERPLEADER

### PARTIES:

1. The Travelers Indemnity Company ("Travelers") is a Connecticut corporation with its principal place of business in Hartford, Connecticut.

2. Orion Airgroup Holdings, LLC ("Orion") is a Nevada limited liability company with its principal place of business in Englewood, Colorado.

3. Lowcountry Trading IV, LLC ("Lowcountry IV") is a Delaware limited liability company with its principal place of business in Englewood, Colorado.

4. Lowcountry Trading VI, LLC ("Lowcountry VI") is a Delaware limited liability company with its principal place of business in Englewood, Colorado.

5. Tempus Jet Centers III, LLC ("Tempus III") is a Delaware limited liability company with its principal place of business in Englewood, Colorado.

6. Tempus Aircraft Sales & Service, LLC ("TASS") is a Nevada limited liability company with its principal place of business in Englewood, Colorado.

7. Godfrey | Johnson, P.C. is a professional corporation that provides professional services in the State of Colorado.

8. Brett Godfrey is an individual residing in Colorado. As set forth below, Mr. Godfrey was counsel of record for Orion, Lowcountry IV, Lowcountry VI, Tempus III, and TASS in Case No. 2016-CV-33113 in the District Court for the City and County of Denver.

9. Aaron Bakken is an individual residing in Colorado. As set forth below, Mr. Bakken was counsel of record for Orion, Lowcountry IV, Lowcountry VI, Tempus III, and TASS in Case No. 2016-CV-33113 in the District Court for the City and County of Denver.

10. The Law Offices of Fred C. Begy III, P.C. is an Illinois professional corporation that provides professional services in the State of Colorado.

11. Fred C. Begy III, is an individual residing in Illinois. As set forth below, Mr. Begy was counsel of record for Orion, Lowcountry IV, Lowcountry VI, Tempus III, and TASS in Case No. 2016-CV-33113 in the District Court for the City and County of Denver.

12. The Stang Law Firm is an Illinois law firm that provides professional services in the State of Colorado.

13. Mark A. Stang is an individual residing in Illinois. As set forth below, Mr. Stang was counsel of record for Orion, Lowcountry IV, Lowcountry VI, Tempus III, and TASS in Case No. 2016-CV-33113 in the District Court for the City and County of Denver.

14. Firefly Financial, Ltd. is a British Virgin Islands company that asserts an interest in the property subject to this action for interpleader.

15. Stonebriar Commercial Finance is a Texas limited liability company that asserts an interest in the property subject to this action for interpleader.

### JURISDICTION AND VENUE:

16. This Court has jurisdiction pursuant to 28 USC § 1334(b) and (e).

17. Venue is proper pursuant to 28 USC § 1409(a).

### GENERAL ALLEGATIONS:

18. Orion, Lowcountry IV, and Lowcountry VI filed a lawsuit against Travelers on August 25, 2016, Case No. 2016-CV-33113 in the District Court for the City and County of Denver ("the underlying lawsuit"). As to Travelers, the lawsuit alleged breach of contract and bad faith breach of contract with respect to damage allegedly sustained by certain aircraft parts during a hangar collapse on August 10, 2015.

19. On March 1, 2017, Orion, Lowcountry IV, and Lowcountry VI filed an Amended Complaint adding Tempus III as a Plaintiff.

20. Travelers reached an agreement to settle the claims between it and Orion, Lowcountry IV, Lowcountry VI, and Tempus III.

21. The settling parties cooperated in the drafting of a Confidential Release of All Claims. The release was also signed by nonparty Tempus Aircraft Sales & Service, LLC which asserted an interest in the allegedly damaged property. The Confidential Release of All Claims

was executed on October 25, 2017.

22. Prior to the delivery of the settlement funds, a number of parties asserted claims against Orion, Lowcountry IV, Lowcountry VI, Tempus III, and TASS.

23. On October 19, 2017, Godfrey | Johnson, P.C. and attorneys Brett Godfrey and Aaron Bakken filed a Notice of Attorney Lien claiming $259,774.80 as well as ongoing fees and costs.

24. On October 30, 2017, Firefly Financial Limited filed suit against Orion Air Group Holdings, LLC, in the District Court, Arapahoe County, Colorado, Case Number 2017 CV 32479.

25. On November 1, 2017, Firefly Financial obtained an *Ex Parte* Writ of Attachment pursuant to C.R.C.P. 102 in its favor and against the assets and property of Orion.

26. Bank of the West filed suit against Tempus Aircraft Sales & Service, LLC on November 17, 2017 in the District Court, City and County of Denver, Colorado, Case Number 2017 CV 32637.

27. On November 21, 2017, Cordes & Company was appointed as the receiver for Tempus Aircraft Sales & Service LLC. As the receiver, Cordes & Company was authorized to assert Tempus Aircraft Sales & Service's interest in the settlement funds.

28. On November 27, The Stang Law Firm and attorney Mark Stang filed a Notice of Attorney Lien in the amount of $37,760.00 in addition to ongoing fees and expenses.

29. On November 27, 2017, The Law offices of Fred C. Begy III and attorney Fred C. Begy filed a Notice of Attorney Lien in the amount of $139,315.15 in addition to ongoing fees and expenses.

30. On December 11, 2017 Travelers filed a Motion to Deposit the settlement

proceeds in Case No. 2016-CV-33113 in the District Court for the City and County of Denver.

31. The Denver District Court granted Travelers' Motion to Deposit on December 14, 2017. Travelers deposited the settlement proceeds on December 19, 2017.

32. On February 12, 2018 Stonebriar Commercial Finance received charging orders against TASS based upon a May 12, 2017 foreign judgment in Collin County, Texas in the amount of $12,318,014.45.

33. On April 10, 2018, the Denver District Court entered an Order returning the settlement funds to Travelers stating, in part:

> Since the Court granted Travelers leave to deposit the settlement funds in the Court Registry, the case has morphed into a battle among Orion's and TASS's myriad of judgment creditors regarding their rights to a portion of the settlement funds. This case, however, is not properly procedurally postured in this Court for such a battle, nor is this Court the appropriate forum to address the competing claims. Upon further consideration, the Court concludes that it improvidently granted Travelers' Rule 67 motion. Further, with the exception of the Attorneys' motion, the Court also concludes it improvidently granted the motions to intervene.

(Order, Exhibit 3 at p. 3).

34. Subsequently, Judgment entered in favor of Godfrey | Johnson and against Orion, Lowcountry IV, Lowcountry VI, Tempus III for Godfrey | Johnson's attorneys' fees.

35. Godfrey | Johnson has filed a Proof of Claim in the bankruptcy proceeding currently involving Tempus Aircraft Sales & Service, LLC.

36. The attorneys'' liens and judgments remain unsatisfied.

37. Godfrey | Johnson has previously demanded payment of its fees using a portion of the settlement funds.

38. Travelers now seeks leave to deposit the settlement funds by way of this interpleader action.

**INTERPLEADER:**

39. Travelers incorporates its previous allegations as if fully set forth herein.

40. Given the competing claims to the underlying settlement funds, Travelers is unable to determine which of the Defendants is entitled to the settlement funds, in what amount, and in what priority. Such uncertainty may expose Travelers to the threat of multiple lawsuits and multiple liability for the same funds.

41. To resolve this controversy, Travelers files this Counterclaim, Cross-Claim and Third-Party Complaint in Interpleader in good faith and without collusion. Travelers claims no beneficial interest in the settlement funds and is a mere stakeholder. Travelers is now, and has at all pertinent times, been ready, willing, and able to pay the person or persons entitled to the settlement funds and seeks permission to deposit all such payable sums into this Court's registry.

**PRAYER FOR RELIEF**

WHEREFORE, having answered Plaintiff's Complaint and asserted its Counterclaim, Cross-Claim, and Third-Party Complaint in Interpleader The Travelers Indemnity Company respectfully requests the following relief:

1. For an Order directing Travelers to deposit the aforementioned Settlement Funds for future disbursement according to this Court's judgment;

2. This Court require Plaintiff and the remaining Defendants to assert their respective claims to the proceeds deposited and litigate among themselves their respective rights to such proceeds;

3. This Court enter an order restraining and enjoining defendants from instituting or prosecuting actions and/or collection proceedings based on such claims;

- 14 -

4. This Court adjudicate the correct payee or payees of the Settlement Funds and direct a Clerk of Court to disburse the funds deposited into its registry in accordance therewith;

5. This Court discharge the Travelers Indemnity Company from all further liability and dismiss it from this action with prejudice following the payment of the funds deposited;

6. This Court award the Travelers Indemnity Company its attorney fees and costs incurred in bringing this interpleader action out of the funds deposited into its registry;

7. This Court grant such other relief as it deems appropriate.

Dated this 27th day of August, 2018.

**GORDON & REES LLP**

 /s/ John M. Palmeri
John M. Palmeri
Greg S. Hearing
555 Seventeenth Street, Ste. 3400
Denver, Colorado 80202
(303) 534-5160
jpalmeri@grsm.com
ghearing@grsm.com

ATTORNEYS FOR DEFENDANT
THE TRAVELERS INDEMNITY
COMPANY

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true copy of the above and foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such to the following this 27th day of August, 2018.

| | |
|---|---|
| Lacey S. Bryan, Esq. | |
| Aaron J. Conrardy, Esq. | Stang Law Firm            (by U.S. Mail) |
| 2580 W. Main Street, Ste. 200 | 584 Hyacinth Place |
| Littleton, Colorado 80120 | Highland Park, Illinois 60035-1265 |
| | |
| Brett Godfrey, Esq.         (by U.S. Mail) | Fred C. Begy III            (by U.S. Mail) |
| Godfrey | Johnson, P.C. | 200 North LaSalle Street, Ste. 2810 |
| 9557 S. Kingston Court | Chicago, Illinois 60601-1131 |
| Englewood, Colorado 80112 | |
| | The Law Offices of Fred C. Begy III  ( by |
| Godfrey | Johnson, P.C.     (by U.S. Mail) | U.S. Mail) |
| 9557 S. Kingston Court | 200 North LaSalle Street, Ste. 280 |
| Englewood, Colorado 80112 | Chicago, Illinois 60601-1131 |
| | |
| Aaron Bakken                  (by U.S. Mail) | Habib Nasrullah, Esq.       (by U.S. Mail) |
| Godfrey | Johnson, P.C. | Tamera D. Westerberg, Esq. |
| 9557 S. Kingston Court | Wheeler Trigg O'Donnell LLP |
| Englewood, Colorado 80112 | 370 Seventeenth Street, Ste. 4500 |
| | Denver, Colorado 80202-5647 |
| Mark A. Stang, Esq.          (by U.S. Mail) | |
| Stang Law Firm | Thomas E.M. Werge, Esq.   (by U.S. Mail) |
| 584 Hyacinth Place | Angela J. Hahn, Esq. |
| Highland Park, Illinois 60035-1265 | Yeon Joo (Claire) Hsu, Esq. |
| | Werge & Hahn LLC |
| Stang Law Firm                (by U.S. Mail) | 110 Sixteenth Street, Ste. 1400 |
| 584 Hyacinth Place | Denver, Colorado 80202 |
| Highland Park, Illinois 60035-1265 | |

                                                                                                                 */s/  Linda J. Bustos*