# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| TEMPUS AIRCRAFT SALES AND | ) | Case No. 18-13507 MER |
| SERVICE, LLC, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| TOM H. CONNOLLY as chapter 7 | ) | |
| trustee for Tempus Aircraft | ) | |
| Sales and Service, LLC, | ) | Adv. Proc. No. 18-01243 MER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE TRAVELERS INDEMNITY | ) | |
| COMPANY; ORION AIRGROUP | ) | |
| HOLDINGS, LLC; LOW COUNTRY | ) | |
| TRADING IV, LLC; LOW COUNTRY | ) | |
| TRADING VI, LLC; TEMPUS JET | ) | |
| CENTERS III, LLC; FIREFLY | ) | |
| FINANCIAL LTD.; and | ) | |
| STONEBRIAR COMMERCIAL | ) | |
| FINANCE, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| THE TRAVELERS INDEMNITY | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant/Counterclaimant | ) | |
| Cross-Claimant and Third Party | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TOM H. CONNOLLY as chapter 7 | ) | |
| trustee for Tempus Aircraft | ) | |
| Sales and Service, LLC, | ) | |
| | ) | |
| Counterclaim Defendant, | ) | |

|  |  |
|---|---|
| And | ) |
|  | ) |
| v. | ) |
|  | ) |
| ORION AIRGROUP | ) |
| HOLDINGS, LLC; LOW COUNTRY | ) |
| TRADING IV, LLC; LOW COUNTRY | ) |
| TRADING VI, LLC; TEMPUS JET | ) |
| CENTERS III, LLC; FIREFLY | ) |
| FINANCIAL LTD.; and | ) |
| STONEBRIAR COMMERCIAL | ) |
| FINANCE, | ) |
|  | ) |
|     Crossclaim Defendants, | ) |
|  | ) |
| And | ) |
|  | ) |
| v. | ) |
|  | ) |
| GODFREY | JOHNSON, P.C.; BRETT | ) |
| GODFREY; AARON BAKKEN; | ) |
| THE LAW OFFICES OF FRED C. | ) |
| BEGY, III, P.C.; FRED C. BEGY III; | ) |
| THE STANG LAW FIRM; and | ) |
| MARK A. STANG, | ) |
|  | ) |
|     Third Party Defendants. | ) |

### ANSWER TO COUNTERCLAIM, CROSS-CLAIM AND THIRD PARTY-COMPLAINT IN INTERPLEADER

Plaintiff and Counterclaim Defendant Tom H. Connolly, chapter 11 trustee ("Trustee")[1] for the bankruptcy estate of Tempus Aircraft Sales and Service, LLC, by and through his counsel, Wadsworth Warner Conrardy, P.C., for his answer to the Counterclaim, Cross-Claim and Third-Party Complaint in Interpleader asserted by the Travelers Indemnity Company states as follows:

### STATEMENT PURSUANT TO RULE 7008

Trustee consents to entry of final orders or judgment by the Bankruptcy Court.

---

[1] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed thereto in the Complaint.

2

*Responses to Numbered Allegations*

## **PARTIES**

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

## **JURISDICTION AND VENUE**

16. Admitted.

17. Admitted.

## **GENERAL ALLEGATIONS**

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Trustee denies the allegations contained in Paragraph 22, insofar as he is without sufficient information or knowledge as to the nature of the "claims" Travelers refers to therein. Furthermore, Travelers has failed to state how any such claims would preclude its performance under the executed settlement agreement.

23. Trustee admits the allegations contained in Paragraph 23, but states that the filing of the Notice of Attorney Lien was and is not a basis for Travelers to fail to deposit the Settlement Funds into the trust account of Godfrey | Johnson, P.C. ("Godfrey | Johnson") as required by the settlement agreement. Moreover, Godfrey | Johnson has not asserted any claims against Travelers that would preclude Travelers from performing under the terms of the settlement agreement.

24. Trustee admits the allegations contained in Paragraph 24, but states that the lawsuit filed by Firefly against Orion was and is not a basis for Travelers to fail to deposit the Settlement Funds into the trust account of Godfrey | Johnson as required by the settlement agreement. Moreover, Firefly has not asserted any claims against Travelers that would preclude Travelers from performing under the terms of the settlement agreement.

25. Trustee admits the allegations contained in Paragraph 25, but states that the Writ of Attachment obtained by Firefly against Orion was and is not a basis for Travelers to fail to deposit the Settlement Funds into the trust account of Godfrey | Johnson as required by the settlement agreement. Moreover, Firefly has not asserted any claims against Travelers that would preclude Travelers from performing under the terms of the settlement agreement.

26. Trustee admits the allegations contained in Paragraph 26, but states that the receivership lawsuit filed by Bank of the West against TASS was and is not a basis for Travelers to fail to deposit the Settlement Funds into the trust account of Godfrey | Johnson as required by the settlement agreement. Moreover, Bank of the West has not asserted any claims against Travelers that would preclude Travelers from performing under the terms of the settlement agreement.

27. Trustee admits the allegations contained in Paragraph 27, but states that the receivership lawsuit filed by Bank of the West against TASS was and is not a basis for Travelers to fail to deposit the Settlement Funds into the trust account of Godfrey | Johnson as required by the settlement agreement. Moreover, Bank of the West has not asserted any claims against Travelers and the appointment of Cordes & Company did not preclude Travelers from performing under the terms of the settlement agreement.

28. Trustee admits the allegations contained in Paragraph 28, but states that the filing of the Notice of Attorney Lien was and is not a basis for Travelers to fail to deposit the Settlement Funds into the trust account of Godfrey | Johnson as required by the settlement agreement. Moreover, The Stang Law Firm and attorney Mark Stang have not asserted any claims against Travelers that would preclude Travelers from performing under the terms of the settlement agreement.

29. Trustee admits the allegations contained in Paragraph 29, but states that the filing of the Notice of Attorney Lien was and is not a basis Travelers to fail to deposit the Settlement Funds into the trust account of Godfrey | Johnson as required by the settlement agreement. Moreover, neither The Law Offices of Fred C. Begy III nor attorney Fred C. Begy has asserted any claims against Travelers that would preclude Travelers from performing under the terms of the settlement agreement.

30. Admitted.

31. Admitted.

32. Trustee admits the allegations contained in Paragraph 32, but states that the entry of Charging Orders against TASS was and is not a basis Travelers to fail to deposit the Settlement Funds into the trust account of Godfrey | Johnson as required by the settlement agreement.

33. Trustee admits the allegations contained in Paragraph 33, but states that the Denver District Court's Order was and is not a basis for Travelers to fail to deposit the Settlement Funds into the trust account of Godfrey | Johnson as required by the settlement agreement.

34. Trustee admits that Judgment entered in favor of Godfrey|Johnson, P.C. for its attorney fees but denies the balance of the allegations in Paragraph 34.

35. Admitted.

36. Trustee admits the allegations contained in Paragraph 36, but states that the fact that the attorneys' liens and judgments remain unsatisfied was and is not a basis for Travelers to fail to deposit the Settlement Funds into the trust account of Godfrey | Johnson as required by the settlement agreement.

37. Denied.

38. Admitted.

## INTERPLEADER

39. Trustee incorporates herein his responses in Paragraphs 1 through 38.

40. Trustee admits the allegations contained in Paragraph 40, but states that he is unaware of any claims asserted against Travelers by third parties. The fact that Travelers asserts that it may be exposed to the threat of multiple lawsuits relating to the Settlement Funds was and is not a basis for Travelers to fail to deposit the Settlement Funds into the trust account of Godfrey | Johnson as required by the settlement agreement.

41. Admitted.

## TRAVELERS' PRAYER FOR RELIEF

42. Trustee does not oppose the relief requested by Travelers, except that Travelers should not be entitled to an award of its attorneys fees from the Settlement Funds or the Estate.

43. Trustee further states that the bankruptcy estate is entitled to interest on the Settlement Funds for the time such funds have been held by Travelers.

44. Trustee denies all allegations not specifically admitted herein.

Dated this 17th day of September, 2018.

    Respectfully submitted,

    WADSWORTH WARNER CONRARDY, P.C.

    */s/ Lacey S. Bryan*
    David V. Wadsworth, #32066
    Aaron J. Conrardy, #40030
    Lacey S. Bryan, #51908
    2580 West Main Street, Suite 200
    Littleton, Colorado 80120
    Phone: (303) 296-1999 / Fax: (303) 296-7600
    dwadsworth@wwc-legal.com
    aconrardy@wwc-legal.com
    lbryan@wwc-legal.com
    Attorneys for the Trustee

## CERTIFICATE OF SERVICE

      I do hereby certify that on the 17th day of September, 2018, I served a true and correct copy of the foregoing **ANSWER TO COUNTERCLAIM, CROSS-CLAIM AND THIRD PARTY-COMPLAINT IN INTERPLEADER** via CM/ECF to those persons listed below:

John M. Palmeri
jpalmeri@gordonrees.com

LeElle Slifer
lslifer@burnscharest.com

                                      */s/Angela Garcia*
                                      For Wadsworth Warner Conrardy, P.C.